## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO MANTZURANIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-01486-M |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Award of Attorney's Fees.  ECF No. 79.  For the reasons stated below, Plaintiff will be awarded attorney's fees in the amount of **$37,612.19.**

### I.       Background

Plaintiff Antonio Mantzuranis sued Defendant State Farm Lloyds for breach of contract, violations of the Tex. Ins. Code §§ 541 and 542, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act.  The Court dismissed with prejudice all of Mantzuranis' claims, except his claims for breach of contract and attorney's fees under Tex. Ins. Code § 542.  ECF No. 43.  On June 3, 2022, the jury rendered a verdict in favor of Mantzuranis on the breach of contract claim.  ECF No. 72.  In response to a question regarding Mantzuranis' damages, the jury awarded $84,020.03, less $39,020.03 for "Money Already Paid," leaving a net of $45,000.  *Id.* at 2.  On June 10, 2022, the Court ordered the parties to submit information regarding Mantzuranis' claim for attorney's fees, and that issue is ripe for review.  ECF Nos. 77–79, 81, 87, 89.  Mantzuranis concedes that his attorney's fees claim is subject to a reduction under Tex. Ins. Code § 542A.  ECF No. 82 at 1.

1

## II.     Tex. Ins. Code § 542A

Tex. Ins. Code § 542A applies to actions against insurers, including breach of contract claims, and requires a potential plaintiff to provide to a potential defendant pre-suit notice of "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property."  Tex. Ins. Code § 542A.003(b)(2).

§ 542A.007 provides a formula by which a claimant's attorney's fees award should be reduced based on the pre-suit notice.  The attorney's fees award is calculated by:

> (A) dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property [(the "Judgment")] by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter [(the "Notice Amount")]; and (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action [(the "Reasonable Attorney's Fee")].

Tex. Ins. Code § 542A.007(a)(3).  Using the terms in the statute, if the Judgment is less than 20% of the Notice Amount, the claimant may not recover Reasonable Attorney's Fees.  Tex. Ins. Code § 542A.007(c).  If the Judgment is at least 80% of the Notice Amount, the claimant may recover its Reasonable Attorney's Fees. Tex. Ins. Code § 542A.007(b).  If the Judgment is between 20% and 80% of the Notice Amount, the claimant may recover Reasonable Attorney's Fees in proportion to that percentage.  *See* Tex. Ins. Code §§ 542A.007(a)(3)(B), (b), (c).

## III.     Analysis

A plaintiff may recover reasonable attorney's fees for a breach of contract.  Tex. Civ. Prac. & Rem. Code § 38.001(8).  Here, the Court must determine what reduction is required by Tex. Ins. Code § 542A.

### A.  Determination of the Judgment

State Farm argues that the Judgment amount for § 542A purposes is $45,000, the amount the jury wrote after deducting money already paid, in response to Question No. 2 in the verdict form, as shown below:

#### QUESTION NO. 2

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for direct physical loss to the Property, if any, that was caused by the Occurrence?

Do not include in your answer (a) any amount that Plaintiff could have avoided by the exercise of reasonable care; (b) interest; or (c) any amount for mental anguish, emotional distress, or pain and suffering.

Answer in dollars and cents, if any.            $84,020.03
                                                − 39,020.03 (MONEY ALREADY PAID)
Answer to Question No. 2:    $45,000

ECF No. 72 at 2.  Mantzuranis argues that the Judgment is $84,020.03, the amount listed by the jury before deducting the money already paid.  *Id.*  Mantzuranis argues that the jury's deduction of the amount State Farm previously paid on the claim does not change the jury's finding of the total loss.  ECF No. 82 at 3.

The Court finds that the Judgment amount under § 542A is $45,000.  Section 542A refers to the "amount to be awarded in the judgment," and the judgment here will be $45,000.  Tex. Ins. Code § 542A.007(a)(3)(A).

### B.  Determination of the Notice Amount

On March 29, 2021, Mantzuranis' counsel sent to State Farm two separate letters to provide State Farm with the requisite notice.  One letter, dated March 19, 2021, was referred to as "Texas Insurance Code Section 542A.003 Notice," and it listed $155,498 as actual damages to Mantzuranis' property.  ECF No. 78-1 ("542A Notice") at 2.  The second letter, dated March 19,

2021, was referred to as "DTPA Notice and Demand Letter," and it demanded payment of treble damages of $466,494 under the Texas Deceptive Trade Practices Act.  ECF No. 78-1 ("DTPA Notice") at 2.  State Farm argues that the DTPA Notice provides the Notice Amount, while Mantzuranis argues that the § 542A Notice provides the Notice Amount.

The parties disagree on whether "damages" includes only actual damages or treble damages, and whether the DTPA Notice can be considered to prove the Notice Amount.  *See* Tex. Ins. Code § 542A.007(a)(3)(A).  State Farm argues that Section 542A uses only the word "damages" and thus does not limit the amount to be considered to actual damages.  *Cf.* Tex. Ins. Code § 541.152(a)(1) (providing for recovery of "actual damages").  ECF No. 78 at 7.  Further, State Farm also contends that the higher DTPA Notice damages amount should be used to avoid gamesmanship. *Id.* at 8. Mantzuranis urges that the Notice Amount is the amount "owed on the claim" and is to be set out in a notice "given under this chapter," which means the amount listed in the Notice identified under § 542A.  ECF No. 82 at 4.  Mantzuranis further argues that the DTPA Notice is irrelevant, because it was given pursuant to the DTPA claim, and that claim was dismissed before trial.  *Id.*

The Court agrees with Mantzuranis.  The Notice Amount is "the amount alleged to be owed on the claim for that ***damage*** or loss ***in a notice given under this chapter***."  Tex. Ins. Code § 542A.007(a)(3)(A) (emphasis added).  $155,498 is the amount set out in the notice given under Section 542A.  Section 542A explicitly distinguishes notices under that chapter from notices under other laws.  *See* Tex. Ins. Code § 542A.003(f) ("A claimant who gives notice in accordance with this chapter is not relieved of the obligation to give notice under any applicable law. Notice given under this chapter may be combined with notice given under any other law.").  Accordingly, the Court finds that the Notice Amount is **$155,498**.  The Judgment will be

4

$45,000, which is 28.9% of the Notice Amount, and Mantzuranis may therefore recover only 28.9% of his Reasonable Attorney's Fees.  Tex. Ins. Code §§ 542A.007(b)–(c).

### C.  Determination of Reasonable Attorney's Fees

To determine Reasonable Attorney's Fees under Section 542A, a court first calculates a "lodestar" amount by multiplying the hours expended by reasonable hourly rates.  *Merge Office Interiors, Inc. v. Alfa Adhesives, Inc.,* 2020 U.S. Dist. LEXIS 77747, at *3 (N.D. Tex. May 3, 2020) (Lynn, J.) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).  The court should adjust the lodestar if relevant factors necessitate it.  *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 817–18 (Tex. 1997).

To determine compensable hours, the time spent on legal services advancing recoverable and unrecoverable claims does not need to be segregated when "the attorneys' fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts."  *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) (internal quotations omitted).  In assessing reasonable hourly rates, courts may consider affidavits or declarations attesting to the reasonableness of suggested rates, reasonable fees in the case, the judge's own experience, and the judge's review of the work performed.  *See generally Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.,* 919 F.2d 374, 379 (5th Cir. 1990); *Tovar v. Southwestern Bell Tel., L.P.,* 2022 U.S. Dist. LEXIS 112749, at *4 (N.D. Tex. June 27, 2022); *Heliflight, Inc. v. Bell/Agusta Aerospace Co. LLC,* 2007 WL 4373259, at *5 (N.D. Tex. Dec. 12, 2007).

#### i.  *Calculation and Modification of the Lodestar Amount*

From inception of the case through the end of trial, attorneys for Mantzuranis incurred 365 hours of time and paralegals incurred 54.8 hours.  ECF No. 79-4 ("Time Sheet") at 2–4.  The hourly rates sought are $399 for partners, $299 for associates, and $175 for paralegals.  ECF No.

5

79-1 ("Dugas Decl.") at 3.  The Court concludes that the total attorney and paralegal hours expended on this case are reasonable.

Courts are to consider factors set out in *Johnson v. Georgia Highway Express, Inc.*[1] and in *Arthur Andersen & Co. v. Perry Equip. Corp.*[2] to adjust the lodestar amount at their discretion.   Mantzuranis argues that the $144,606.66 lodestar amount should be reduced by 5% to conservatively account for work performed on non-recoverable claims, followed by an upward adjustment of 1.5x, for an adjusted lodestar amount of $206,064.69.  ECF No. 79 at 3. Mantzuranis argues that a 1.5x multiplier is appropriate under the *Johnson* factors,[3] primarily emphasizing his counsel's 30% contingency agreement, the complexity of the issues, the skill of the attorneys, the length of time the case was pending, and his counsel's $27,000 out-of-pocket expenses.

The Court concludes that 90% of the fees were necessary for the breach of contract claim. *See Chapa*, 212 S.W.3d at 311.  The Court does not believe that an upward adjustment is proper under *Johnson* or *Andersen*.  The amount of reasonable attorney's fees in this case would be $**130,146,** but that amount must be reduced under Section 542A, to 28.9%, or **$37,612.19**.

---

[1] 488 F.2d 714 (5th Cir. 1974).  The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.  *Id.* at 717–19

[2] 945 S.W.2d 812 (Tex. 1997).  The *Andersen* factors are: "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered."  *Id.* at 818.

[3] The Court should apply the *Andersen* factors where, as here, "[s]tate law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F 3d 448, 461 (5th Cir. 2002).  However, the analyses under *Andersen* and *Johnson* are similar, so courts can use the *Johnson* factors analysis. *See Mid- Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000).

**SO ORDERED**.

December 2, 2022.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE